HLD-001 (October 2010)                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2605
_____

GREGORY T. REDMOND,
                    Appellant
v.

FOUR SEASON HOTEL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-02311)
District Judge:  Honorable Norma L. Shapiro
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2010
Before:  McKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: February 14, 2011)
_____

OPINION
_____

PER CURIAM.

        In May 2010, Gregory T. Redmond commenced this action by filing a pro

se complaint against the Four Seasons Hotel in Philadelphia, claiming that, on March 3,

2006, a security guard prevented Redmond from entering the hotel lobby because of his

race.  Redmond sought damages for an alleged violation of 42 U.S.C. §§ 1981 and 1982.

The District Court granted in forma pauperis status and dismissed the complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B), noting that the suit is barred under the doctrine of *res judicata* and also time-barred under the statute of limitations. Redmond appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We must dismiss an in forma pauperis appeal if we determine that it is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); see Neitzke v. Williams, 490 U.S. 319, 324-25 (1989).

The District Court correctly concluded that this suit is barred. Redmond raised precisely the same allegation against the Four Seasons Hotel in a prior suit, which the District Court dismissed on the merits. See E.D. Pa. Civ. No. 09-cv-05698. In addition, the District Court denied Redmond's motion for reconsideration in the prior suit and expressly rejected the merits of his claims under §§ 1981 and 1982 for failure to state a claim upon which relief can be granted. Given the prior dismissal on the merits, the doctrine of *res judicata* bars Redmond "from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Att'y Gen., --- F.3d ---, 2010 U.S. App. LEXIS 19131, at *16 (3d Cir. Sept. 14, 2010). In addition, as fully explained by the District Court, Redmond's claims are plainly time-barred under the statute of limitations. Accordingly, we will dismiss this appeal under § 1915(e)(2)(B)(i).

2